SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
    Including Professional Corporations
MATTHEW A. TOBIAS, Cal Bar No. 271291
mtobias@sheppardmullin.com
BRYANNE J. LEWIS, Cal Bar No. 311763
blewis@sheppardmullin.com
ELYSSA M. STERNBERG, Cal Bar No. 329481
esternberg@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:    213.620.1780
Facsimile:     213.620.1398

Attorneys for Defendant
NIKE RETAIL SERVICES, INC.

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
05/08/2023 at 10:30:00 AM
Clerk of the Superior Court
By Katie Winburn, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| ADRIANA CRUZ, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>          Plaintiff,<br><br>   vs.<br><br>NIKE RETAIL SERVICES, INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No.: 37-2023-00012353-CU-OE-CTL<br><br>*Assigned for All Purposes to the*<br>*Hon. Carolyn M. Caietti, Dept. C-70*<br><br>**DEFENDANT NIKE RETAIL SERVICES, INC.'S ANSWER TO PLAINTIFF ADRIANA CRUZ'S UNVERIFIED COMPLAINT**<br><br>[Complaint Filed: March 24, 2023] |

**TO PLAINTIFF AND HER COUNSEL OF RECORD:**

Defendant Nike Retail Services, Inc. ("Nike") for itself alone, hereby answers the unverified Complaint filed by Plaintiff Adriana Cruz on behalf of herself and a proposed class as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally denies each and every allegation of Plaintiff's unverified Complaint. Defendant further denies, generally and specifically, that Plaintiff, or any member of the proposed class, has been damaged in the amount alleged, or in any other sum, or at all, by reason of any act, omission to act, conduct or liability on the part of Defendant, or on the part of any of Defendant's agents, servants, employees, representatives or any other person or entity for whose acts Defendant is responsible.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, Defendant further asserts the separate and distinct affirmative defenses stated below to each end every cause of action alleged in the Complaint, except where such Affirmative Defense states that it is specifically limited to one or more causes of action:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

1. The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

2. The Complaint, and each purported cause of action alleged therein, is barred by the applicable statutes of limitations, including but not limited to Code of Civil Procedure Sections 203(b), 337(1), 338, 339(1), 340(a), 343, and 2699.3, and California Business and Professions Code Section 17208.

### THIRD AFFIRMATIVE DEFENSE

(Laches)

3. Defendant is informed and believes, and based upon such information and belief alleges, the Complaint, and each purported cause of action alleged therein, is untimely and barred by the doctrine of laches, in that Plaintiff unreasonably delayed in bringing the action.

### FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

4. Defendant is informed and believes, and based upon such information and belief alleges, the Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

(Waiver)

5. Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff, and some or all members of the proposed class, have engaged in conduct and activity sufficient to constitute a waiver of some or all of the causes of action asserted in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

(No Loss/Unjust Enrichment)

6. Plaintiff and/or the members of the proposed class have not suffered any loss and Defendant has not been unjustly enriched as a result of any action or inaction of Defendant or its agents. Hence, Plaintiff and the members of the proposed class are not entitled to any restitution.

### SEVENTH AFFIRMATIVE DEFENSE

(Setoff/Offset/Recoupment)

7. Some or all of the purported causes of action in the Complaint are subject to setoff, offset or recoupment to the extent Plaintiff and/or some or all members of the proposed class already received compensation/benefits in connection with the matters for which Plaintiff seeks recovery here.

## EIGHTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction and/or Release)

8. The claims of Plaintiff and/or the proposed class are barred, in whole or in part, pursuant to an accord and satisfaction and/or are barred to the extent that Plaintiff and/or the proposed class has/have entered into or is/are otherwise bound by compromise, settlement or release agreements regarding those claims.

## NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

9. Plaintiff and/or some or all members of the proposed class are not entitled to recover the amount of penalties from Defendant as alleged in the Complaint, or any penalties, due to their failure to make reasonable efforts to mitigate or minimize the harm that they allegedly suffered. Moreover, Plaintiff failed to take reasonable steps to avoid or mitigate her damages alleged in the Complaint. As such, Plaintiff's recovery is barred or must be reduced or offset accordingly.

## TENTH AFFIRMATIVE DEFENSE

(Consent)

10. Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff's claims against Defendant are barred, in whole or in part, because any alleged actions made by Defendant were consented to by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

11. The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff lacks standing to state the claims alleged in the Complaint and/or to enforce the laws and regulations allegedly violated.

**TWELFTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

12.   Defendant is informed and believes, and based upon such information and belief alleges, that the Complaint, and each purported cause of action alleged therein, is barred by the doctrine of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Adequacy of Remedy at Law)

13.   Defendant is informed and believes, and based upon such information and belief alleges, Plaintiff's claim for equitable relief fails because Plaintiff and members of the proposed class may pursue adequate legal remedies.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Failure to Comply With Employer Instructions)

14.   Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to comply with all the directions of her employer concerning the services for which she was engaged. (Cal. Lab. Code § 2856.)

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Misrepresentation)

15.   Plaintiff's claims are barred, in whole or in part, because Defendant acted in reliance on misrepresentations by Plaintiff and the proposed class members, including but not limited to misrepresentations regarding hours worked, overtime, meal periods, and/or rest periods.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(No Willful Violation)

16.   Plaintiff's causes of action, or parts thereof, are barred because Plaintiff is not entitled to any penalty award under Labor Code Section 203 since, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of Labor Code Section 203, *et seq.*, but rather acted in good faith and had reasonable grounds for believing that it did not violate the provisions of the Labor Code.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Legitimate Business Purpose)

17. Defendant cannot be liable for any alleged violation of Business and Professions Code Section 17200, *et seq.*, because any such action, conduct, and/or dealings with Plaintiff or any proposed class member, if any, were lawful and carried out in good faith for legitimate business purposes.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Primary Jurisdiction Doctrine)

18. The Complaint, and each purported cause of action alleged therein, should be abated in the Court's discretion, and Plaintiff, and any putative class members, should be forced to pursue their administrative remedies with the Division of Labor Standards Enforcement or the Labor Workforce Development Agency, which have primary jurisdiction over Plaintiff's claims.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Safe Harbor)

19. Defendant is informed and believes, and based upon such information and belief alleges, Plaintiff's claim based upon California Business and Professions Code Section 17200, *et seq.*, is barred because the conduct alleged falls within a safe harbor.

**TWENTIETH AFFIRMATIVE DEFENSE**

(*De Minimis* Activities)

20. Defendant is informed and believes, and thereon alleges, that the Complaint and each purported cause of action alleged therein, is barred because, assuming *arguendo* that Plaintiff was not compensated for all hours worked, any such work was *de minimis* and therefore not compensable.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

21. Defendant is informed and believes, and based upon such information and belief alleges, the Complaint, and each purported cause of action alleged therein, is barred because Plaintiff failed to exhaust her administrative remedies before filing suit.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Unconstitutionality of Penalties – Excessive Fines)

22. The penalties sought in Plaintiff's Complaint violate the Due Process and Excessive Fines Clauses of the United States and California Constitutions.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Representative/Class Action)

23. The Complaint does not state facts sufficient to permit Plaintiff to proceed on behalf of others in a representative capacity under the Business and Professions Code sections 17200, *et seq.*, or as a class representative under Code of Civil Procedure section 382.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Internal Remedies)

24. Defendant is informed and believes, and based upon such information and belief alleges, the Complaint, and each purported cause of action alleged therein, is barred because Plaintiff failed to exhaust her internal remedies before filing suit.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Justified Reliance)

25. Defendant is informed and believes, and based upon such information and belief, alleges each of the causes of action asserted in Plaintiff's Complaint, and/or the damages arising from such causes of action, are barred by the doctrine of justified reliance.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

26. Defendant is informed and believes, and on that basis alleges, Plaintiff's claims against Defendant and/or the relief sought by Plaintiff against Defendant is barred by the doctrine of after-acquired evidence.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Punitive Damages Unconstitutional)

27. Insofar as Plaintiff seeks punitive or exemplary damages in the Complaint, she violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth

Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and violates the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendment to the United States Constitution and under the Constitution of the State of California.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Comparative Fault/Bad Faith)

28.   Defendant is informed and believes, and based upon such information and belief alleges, any injury or damage allegedly suffered by Plaintiff was caused or contributed to by the negligence, fault, bad faith, breach of contract or other wrongful or tortious conduct of Plaintiff and/or persons or entities other than Defendant, and such conduct offsets, eliminates or comparatively reduces the liability, if any, of Defendant.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(At-Will Employment)

29.   At all material times, Plaintiff is and was an at-will employee whose employment was expressly subject to termination at any time, with or without cause.  Plaintiff's purported employment relationship with Defendant is and was for no specific duration, and pursuant to California Labor Code section 2922 is and was terminable at-will by operation of law.

### THIRTIETH AFFIRMATIVE DEFENSE

(Worker's Compensation Preemption)

30.   Defendant is informed and believes and based on such information and belief alleges that the actions to which Plaintiff alleges are preempted and barred by the Workers Compensation Act.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Legitimate, Non-Discriminatory, Non-Retaliatory Reasons)

31.   Defendant denies that it engaged in the conduct attributed by Plaintiff.  However, if it is determined that the conduct alleged is legally attributable to Defendant, then Defendant alleges that the conduct was not unlawful inasmuch as the conduct was reasonably and properly based on legitimate business reasons and non-discriminatory and non-retaliatory factors.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Avoidable Consequences)

32. Plaintiff's right, if any, to recover damages based on the Complaint and each purported cause of action thereof, is limited and/or barred because (1) Defendant took reasonable steps to prevent and correct workplace discrimination, retaliation and/or harassment, if any existed, (2) Plaintiff unreasonably failed to use the preventive and corrective measures that Defendant provided, and (3) Defendant's procedures would have prevented at least some harm, if any occurred.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Lack of Authorization, Ratification, Acts Outside Scope of Employment)

33. Defendant did not authorize, direct or participate in any alleged wrongful conduct. Any recovery on the Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant did not aid, abet, counsel or encourage the alleged act(s). If Defendant's employees or any of them committed the acts alleged in the Complaint, although such is not admitted hereby or herein, such acts were committed outside the scope of employment and not by agents of Defendant, and, thus, Defendant is not liable for such acts.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Concurrent or Alternate Causes of Emotional Distress)

34. Defendant asserts, to the extent Plaintiff alleges she suffered any symptoms of mental or emotional distress or injury, they were the result of pre-existing psychological disorders of alternate concurrent causes, and not the result of Defendant's alleged conduct.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Same Action Regardless of Protected Conduct – Mixed Motive)

35. Defendant denies that it unlawfully discriminated or retaliated against Plaintiff. Assuming that Plaintiff proves Defendant relied upon an illegal motivation, Defendant would have taken the same action even if it had not relied upon the illegal ground.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Business Expenses – Unjust Enrichment)

36. Defendant alleges that Plaintiff, and each putative class member, did not necessarily incur "expenditures and losses" as defined under California Labor Code section 2802 and any award of such expenditures and/or losses would unjustly enrich Plaintiff, and each putative class member.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Expenses Not Reasonable, Required or Job Related)

37. Defendant alleges that any claims for penalties related to reimbursement of business expenses are barred, in whole or in part, because the expenses claimed were not reasonably necessary/required for job, were not reasonable, and/or were not incurred in direct consequence of the discharge of job duties.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(No Knowing and Intentional Failure)

38. Any alleged failure by Defendant to comply with Labor Code Section 226 was not knowing and intentional. Defendant asserts the foregoing as an affirmative defense out of an abundance of caution and does not concede that it has the burden of proof on this issue.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

(Non-Certifiable Class)

39. The Complaint does not state facts sufficient to certify a class pursuant to Code of Civil Procedure section 382 because individual questions of fact and law predominate over common questions, Plaintiff's claims are not typical of those belonging to the putative class members, Plaintiff and her counsel are not adequate to represent the proposed class, the proposed class is not sufficiently numerous, the class action device is not superior or manageable in this action, other class requirements cannot be satisfied, and/or class certification would violate Defendant's rights afforded to it by the California Constitution and the United States Constitution including but not limited to the right to due process. Accordingly, this action is not properly brought as a class action.

**FORTIETH AFFIRMATIVE DEFENSE**

(All Meal Periods Provided or Waived)

40. To the extent timekeeping records show incidences where Plaintiff or any other non-exempt employee Plaintiff seeks to represent did not record an off-duty meal period of at least 30 minutes beginning by the end of the fifth hour in a shift greater than five hours, Defendant is not liable for failure to provide a meal period because it permitted the employees a bona fide opportunity to take a compliant meal period, but the employees voluntarily chose not to take the meal period Defendant provided.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

(Rest Periods Authorized and Permitted)

41. Defendant authorized and permitted Plaintiff and non-exempt employees to take rest breaks at all times during their employment, and Defendant is not liable for unpaid wages, damages or penalties, or otherwise responsible, when Plaintiff and non-exempt employees voluntarily elected not to use the rest period opportunities authorized and permitted by Defendant.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

(Compliance Is Not Feasible)

42. Defendant is informed and believes, and based upon such information and belief alleges, that no suitable seating is possible under the circumstances alleged in the Complaint.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

(Representative Action)

43. The Complaint does not state facts sufficient to permit Plaintiff to proceed on behalf of others in a representative capacity under the Labor Code Private Attorneys General Act of 2004 ("PAGA") or other means, including but not limited to, (a) because some or all of Plaintiff's claims are not are not suitable for determination/litigation on a representative basis, (b) Plaintiff is not an "aggrieved employee" pursuant to the PAGA; and (c) Plaintiff lacks standing to bring claims for civil penalties under the PAGA because she has failed to identify said "aggrieved employees," pursuant to the PAGA.

44.

### (**FORTY-FOURTH AFFIRMATIVE DEFENSE**

(PAGA Violates Constitutional Equal Protection)

45. Defendant asserts that Plaintiff's claims under PAGA, or some of them, are barred because PAGA violates the Equal Protection Clause of the United States and California Constitutions.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

(PAGA Violates Supremacy Clause)

46. Defendant asserts that Plaintiff's claims under PAGA, or some of them, are barred because PAGA violates the Supremacy Clause of the United States.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

(PAGA Violates Constitutional Separation of Powers Doctrine)

47. Defendant asserts that Plaintiff's claims under PAGA, or some of them, are barred because PAGA violates the separation of powers doctrine and is unconstitutional, both in general and as applied to this case.

### RESERVATION OF RIGHT TO AMEND ANSWER

Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action and reserves the right to amend its General Denial and Affirmative Defenses to assert any such defense.

### REQUEST FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff be granted no relief in this action against Defendant;

2. That judgment be rendered in favor of Defendant and against Plaintiff on each and every cause of action alleged in the Complaint;

3. That Defendant recover its reasonable attorneys' fees incurred herein, pursuant to Labor Code Section 218.5 and any other applicable law; and

4. For such other and further relief as this Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: May 8, 2023 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| 2 | | |
| 3 | | By: _____ |
| 4 | | MATTHEW A. TOBIAS |
| | | BRYANNE J. LEWIS |
| 5 | | ELYSSA M. STERNBERG |
| 6 | | Attorneys for Defendant |
| | | NIKE RETAIL SERVICES, INC. |

# PROOF OF SERVICE

**ADRIANA CRUZ v. NIKE RETAIL SERVICES, INC.**
SDSC Case No.:  37-2023-00012353-CU-OE-CTL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On May 8, 2023, I served true copies of the following document(s) described as **DEFENDANT NIKE RETAIL SERVICES, INC.'S ANSWER TO PLAINTIFF ADRIANA CRUZ'S UNVERIFIED COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Norman B. Blumenthal<br>Kyle R. Nordrehaug<br>Aparajit Bhowmik<br>Nicholas J. De Blouw<br>Richard R. Ehmann<br>Piya Mukherjee<br>Victoria Rivapalacio<br>BLUMENTHAL NORDREHAUG<br>BHOWMIK DE BLOUW LLP<br>2255 Calle Clara<br>La Jolla, CA 92037 | Attorneys for Plaintiff Adriana Cruz<br>Tel: 858-551-1223<br>Fax: 858-551-1232<br>DeBlouw@bamlawca.com<br>kyle@bamlawca.com<br>AJ@bamlawca.com<br>Norm@bamlawca.com<br>rico@bamlawca.com<br>piya@bamlawca.com<br>victoria@bamlawca.com |
| John Gomez<br>Emilia Arutunian<br>Gomez Trial Attorneys, APLC<br>644 Broadway, 17th Floor<br>San Diego, CA 92101 | Attorneys for Plaintiff Adriana Cruz<br>Tel: 619-237-3490<br>john@gomeztrialattorneys.com<br>mila@thegomezfirm.com |

☒    **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.

☒    **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address **ddellisanti@sheppardmullin.com** to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 8, 2023, at Los Angeles, California.

*/s/ Dori Dellisanti*
Dori Dellisanti

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 W Broadway<br>MAILING ADDRESS: 330 W Broadway<br>CITY AND ZIP CODE: San Diego CA 92101-3827<br>BRANCH NAME: Central | |
| Short Title: Cruz vs Nike Retail Services Inc [E-FILE] | |
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | CASE NUMBER:<br>37-2023-00012353-CU-OE-CTL |

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

**Electronic Filing Summary Data**

| | |
|---|---|
| Electronically Submitted By: | Matthew Tobias |
| On Behalf of: | Nike Retail Services Inc |
| Transaction Number: | 21674247 |
| Court Received Date: | 05/08/2023 |
| Filed Date: | 05/08/2023 |
| Filed Time: | 10:30 AM |
| Fee Amount Assessed: | $435.00 |
| Case Number: | 37-2023-00012353-CU-OE-CTL |
| Case Title: | Cruz vs Nike Retail Services Inc [E-FILE] |
| Location: | Central |
| Case Type: | Other employment |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| Status | Documents Electronically Filed/Received |
|---|---|
| Accepted | Answer |

**Comments**

**Clerk's Comments:**

**Electronic Filing Service Provider Information**

Service Provider: LegalConnect
Email: support@legalconnect.com
Contact Person: LEGALCONNECT Support
Phone: (800) 909-6859