**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Christine T. LeVu (State Bar #288271)
Andrew G. Ronan (State Bar #312316)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiff
ADRIANA CRUZ

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MATTHEW A. TOBIAS, Cal Bar No. 271291
mtobias@sheppardmullin.com
BRYANNE J. LEWIS, Cal Bar No. 311763
blewis@sheppardmullin.com
ELYSSA M. STERNBERG, Cal Bar No. 329481
esternberg@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:   213.620.1780
Facsimile:   213.620.1398

Attorneys for Defendant
NIKE RETAIL SERVICES, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADRIANA CRUZ, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NIKE RETAIL SERVICES, INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. 3:23-cv-00874-L-KSC<br>Assigned to: Karen S. Crawford<br>Dept. 2B<br><br>**JOINT STATUS REPORT AND JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>Complaint Filed: March 24, 2023 |

In accordance with the Court's September 27, 2023 Order (Dkt. No. 38), Plaintiff Adriana Cruz ("Plaintiff") and Defendant Nike Retail Services, Inc. ("Defendant") (collectively, "Parties") respectfully submit this Joint Status Report and Joint Motion for Determination of Discovery Dispute.

## 1. PROPOSED SAMPLING / CORRESPONDING DISCOVERY

On September 20, 2023, the Parties met and conferred telephonically to discuss Defendant's proposed sampling of, among other things, time and payroll data for the putative class members. As an accommodation to Defendant, Plaintiff agreed to accept Defendant's proposed 10% randomized sampling for the period of March 24, 2019 to the present, which accounts for 825 putative class members. This agreement is without prejudice to Plaintiff's ability to seek additional records at a future time subject to Court approval.

As previously advised, in consideration for Plaintiff's acceptance of a proposed sampling, Plaintiff requested that Defendant stipulate that the sampling is statistically significant for purposes of Plaintiff's forthcoming Motion for Class Certification. It remains Plaintiff's position that such a stipulation is a reasonable compromise to avoid Defendant challenging the statistical significance at the class certification stage after Plaintiff agreed to accept Defendant's proposed sampling. Defendant, however, refuses to enter into such a stipulation.

Defendant has agreed to provide supplemental/further supplemental responses, and responsive documents where applicable, to the following discovery requests, for 10 percent of the proposed class: Request for Production ("RFP") No. 4 (work schedules for class members); RFP No. 18 (class member contact information); RFP No. 19 (electronic payroll records for class members); No. 20 (electronic time records for class members); No. 22 (wage statements for class members); Interrogatory ("ROG") No. 3 (class member contact information). Defendant will also produce a deponent as to the following Notice of Deposition Classification No. 1 regarding the format and content of wage statements. Defendant agrees to produce a deponent to

testify as to the contents of the wage statements produced pursuant to the agreed upon sampling.

Pursuant to the sampling agreement, Defendant estimates it will be able to provide the responsive documents and data set forth above by October 13, 2023. In the event the responsive documents and data set forth above are not produced by October 13, 2023, Plaintiff reserves the right to seek further intervention by the Court, as Plaintiff contends that any further delays will directly impact Plaintiff's ability to timely move for class certification based on the current Class Certification Discovery Cutoff set for November 24, 2023 and the December 22, 2023 deadline for Plaintiff to file her Motion for Class Certification.

## 2. **RESOLVED DISCOVERY**

The following discovery requests were discussed and resolved either during the September 15, 2023 Informal Discovery Conference or subsequently: Requests for Admissions (per Dkt. No. 32, Defendant was ordered to respond to all RFAs to which defendant served objections only on or before September 22, 2023); Interrogatory ("ROG") No. 1 and RFP No. 3 (job descriptions – Defendant has agreed to supplement); ROG No. 7 (state the total number of workweeks – Defendant agreed to provide a supplemental response, stating the total number of workweeks at the time of removal); ROG No. 8 (state the total number of pay periods that class members did not receive all overtime compensation – Defendant has agreed to supplement); ROG No. 11 (state the total number of meal period premiums paid to class members – Defendant has agreed to supplement); ROG No. 13 (state the total number of rest period premiums paid to class members – Defendant has agreed to supplement); ROG No. 17 (identify persons who assisted with processing class member payroll – Defendant has agreed to supplement); ROG Nos. 20/21 (Plaintiff agreed to withdraw); ROG Nos. 26/27 (facts regarding typicality/adequacy of Plaintiff – Defendant agreed to supplement); ROG Nos. 28-30 (Plaintiff agreed to withdraw); Notice of Deposition Classification Nos. 13, 16, 20-22, and 24-25 (Plaintiff agreed to withdraw).

Defendant has subsequently agreed to respond to Request for Production Nos. 25 and 26.

It is anticipated that the Court will issue a minute order in the coming days regarding the at-issue discovery set forth in greater detail below. Plaintiff is willing to accept supplemental responses to the agreed-upon discovery on the same timeline as the Court ordered responses, so long as such Court ordered responses are to be provided no later than October 27, 2023. In the event the Court does not order further responses to the at issue discovery outlined below, Plaintiff requests the Court enter an order requiring Defendant to provide supplemental responses and corresponding documents to the items in the preceding paragraph no later than thirty (30) days from the date of its order, but no later than October 27, 2023 to allow Plaintiff to sufficiently prepare for her forthcoming Motion for Class Certification and Federal Rule of Civil Procedure 30(b)(6) deposition of Defendant.

**3. DISCOVERY REMAINING AT ISSUE**

Despite the agreed upon sampling, the following discovery items remain at issue for the Court's determination:

Requests for Production ("RFP")

- No. 2 (employees responsible for scheduling work schedules of class members);
- No. 8 (policies for providing business expense reimbursement); No. 9 (records of all business expense reimbursements to class members);
- No. 11 (training policies and procedures applicable to class members); No. 12 (training materials provided to class members). Defendant is willing to provide a supplemental response should these be limited to policies and procedures relevant to the issues and topics in the case. Plaintiff cannot agree to allow Defendant to unilaterally determine what policies and procedures are "relevant to the issues and topics in the case" without knowing the quantum of policies and procedures that exist.

- No. 13 (policies for pre-shift and post-shift procedures);
- No. 16 (communications between Defendant and class members regarding Covid-19 screenings). Defendant is willing to provide a supplemental response should this be limited to corporate communications to class members.
- No. 21 (communications between Defendant and Plaintiff); No. 30 (complaints made by Plaintiff). Defendant is willing to provide a supplemental response should this be limited to specific individuals and regarding discrete topics at-issue in the case regarding issues bearing on class certification. Plaintiff cannot agreed to permit Defendant to unilaterally make a determination of what discrete topics are at issue in the case regarding issues bearing on class certification.

Interrogatories ("ROG")

- No. 4/5 (state all pay codes used by Defendant/explain what each pay code means);
- No. 18 (state applicable dates wherein Defendant required class members to submit to Covid-19 screenings); and
- No. 22 (identify all forms of compensation available to class members).

Notice of Deposition Classifications: No. 2 (policies for providing compensation to class members); No. 5 (polices for recording, tracking and scheduling hours worked and meal periods of class members); No. 8 (policies for providing bonus and incentive compensation to class members); No. 9 (reasons why class members were provided bonus and incentive compensation); No. 10 (polices for providing business expense reimbursement); No. 11 (policies and procedures with respect to pre-shift and post-shift duties); No. 12 (job duties performed by class members); No. 14 (policies and procedures for training class members with respect to job duties, timekeeping, meal and rest periods); No. 15 (work schedules of class members); No. 17 (locations in California where class members worked); No. 18

(general corporate hierarchy in which class members worked); No. 19 (custody of records and identification of location of records); and No. 27 (persons that assisted with processing class member payroll), as well as confirmation of dates for deposition in early November, following Plaintiff's receipt of supplemental responses and documents. Defendant is willing to produce a deponent for Classification Nos. 2 5, 8, 10, 12, and 14, should they be limited in scope.

Finally, despite Defendant's prior agreement to provide further supplemental responses indicating whether any documents were being withheld based on privilege with respect to Defendant's supplemental responses to RFP No. 10 (employee handbooks), No. 28 (complaints by Plaintiff to Defendant), and No. 32 (witness statements), Defendant has failed to provide further supplemental responses and/or a corresponding privilege log. Defendant is not aware of privileged documents being withheld. As such, it is Defendant's position that supplemental responses are not warranted.

## 4. CONCLUSION

In light of the foregoing, the Parties respectfully requests the Court issue an Order on the discovery remaining at issue.

/ / /

/ / /

| | | |
|---|---|---|
| Dated: October 4, 2023 | | BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP |
| | By | */s/ Andrew G. Ronan* <br> CHRISTINE T. LEVU <br> ANDREW RONAN |
| | | Attorneys for Plaintiff <br> ADRIANA CRUZ |
| Dated: October 4, 2023 | | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| | By | *Elyssa Sternberg* <br> MATTHEW A. TOBIAS <br> BRYANNE J. LEWIS <br> ELYSSA M. STERNBERG |
| | | Attorneys for Defendant <br> NIKE RETAIL SERVICES, INC. |