UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA CRUZ, et al,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>NIKE RETAIL SERVICES,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:23-cv-0874-L-KSC<br><br>**ORDER OVERRULING DEFENDANT'S OBJECTIONS TO DISCOVERY ORDER**<br><br>**[ECF NO. 52]** |

　　　Pending before the Court in this putative class action alleging wage and hour violations under the Class Action Fairness Act of 2005 is Defendant's Objection to Magistrate Judge's order regarding joint discovery motion. (ECF Nos. 52 ("Objection").) Plaintiffs filed an opposition and Defendant filed a reply. For the reasons which follow, Plaintiff's Objection is overruled.

　　　A district court's review of a magistrate judge's order on a non-dispositive motion is limited. Rulings on discovery matters are non-dispositive. See 28 U.S.C. § 636(b)(1)(A); Civ. Loc. R. 72.1(b). A district judge may reconsider a magistrate judge's ruling on a non-dispositive motion "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Proc. 72(a).

Plaintiffs raise eleven causes of action in the Complaint against Defendant Nike for wage and hour violations. (Notice of Removal, Ex. 2 [ECF No. 1.]) Plaintiff and Defendant filed Joint Status Reports and Joint Motions for Determination of Discovery Dispute on December 8, 2023. Defendant filed objections. The two-joint discovery motions concerned (a) whether defendant needed to produce complete wage statements for class members, and (b) whether the parties would engage in a *Belaire-West* opt-out notice[1] prior to the production of the class list. On December 18, 2023, the magistrate judge issued an order requiring Defendant to produce the contact information for the entire putative class with no *Belaire-West* notice being issued in advance of such release within two days of the date of the Order being issued. [ECF No. 51.]

Defendant objects to the Order, making three arguments: (1) the Parties never waived nor withdrew their agreement to use the *Belaire-West* notice process in advance of providing a 10% sampling of putative class members contact information; (2) controlling legal authority supports *Belaire-West* notice to protect privacy considerations; and (3) the Parties never agreed to the production of contact information for all putative class members, but instead agreed upon a 10% sampling. (Def. Objections at 3 [ECF No. 52.]) The Court addresses each objection in turn.

First, the Order explains that "Plaintiff's initial discovery requests stated plaintiff would voluntarily go through the *Belaire* notice period as a means of forestalling defendant's objections". . . and "[f]ollowing service of that discovery, the parties met and conferred for months trying to fine-tune appropriate language for a *Belaire* notice" therefore there was no dispute that the parties initially planned to send out *Belaire* notice prior to Defendant producing the class list. (Ord. at 5).

---

[1] In *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554 (2007), the appellate court held that a notice requiring putative class members and former employees of defendant to opt out if they did not want their contact information disclosed to plaintiff's attorneys sufficiently protected the privacy interests of putative class members in a putative wage and hour class action.

However, the Court held that the Parties forfeited the *Belaire-West* notice by failing to diligently pursue approval of the notice on multiple occasions. On September 15, 2023, during a lengthy discovery hearing with counsel for both parties, the parties "obliquely addressed the possibility of a *Belaire* notice, although they seemed nowhere near agreement as to how it should be done" and that on September 20, 2023, counsel met and conferred about the class list but Plaintiff's email summarizing the meeting made no mention of *Belaire* notice. (Ord. at 5). Similarly, the Parties submitted a joint status report on October 4, 2023, which was "silent on the issue of *Belaire* notice." (*Id*.) Based on these facts, the Court held:

> Based on the ambiguity on this issue, the Court concludes that, as of the submission of the joint report, *Belaire* notice was off the table. Given the importance of the *Belaire* notice issue, which played such a huge role in the parties' meet and confer efforts, it is illogical to conclude the parties intended to require such notice yet failed to reference it in their subsequent joint status report and the preceding meet-and-confer summary.

(*Id*.) Defendant argues that the October 4, 2023, joint status report was silent on the issue of *Belaire* notice because the Parties had definitively agreed that the sampling would be produced pursuant to a *Belaire-West notice* process therefore there was no reason to reference the notice process in the joint motion. (Def. Obj. at 5). The status report was concerning only outstanding discovery disputes, and Defendant contends that the *Belaire* notice was not an outstanding discovery dispute. (*Id*.)

Upon review of Defendant's Objection, the Order, and authorities cited therein, the Court finds no error. The determination that the Parties forfeited *Belaire* notice was not clearly erroneous in light of the course of conduct the Order describes. Although the Parties may have agreed at one point about *Belaire-West* notice, their inability to come to agreement about the form of the notice, and the discussions held during the lengthy discovery conference on September 15, 2023, in which the parties only "obliquely addressed the possibility of a *Belaire* notice" demonstrate that the magistrate judge

appropriately exercised her discretion when determining that no *Belaire* notice was required.

Next, Defendant claims that the *Belaire* notice is necessary to protect employees' constitutionally protected privacy interests. (Def. Obj. at 6). The right to privacy is set forth in Article 1, Section 1 of the California Constitution. Here, the magistrate judge noted that *Belaire-West* opt-out notice is a protective order, and Defendant failed to meet its burden to seek a protective order requiring *Belaire-West* notice. (Ord. at 6). Instead, the magistrate judge held:

> In this case, the record shows plaintiff followed up on the offer again and again, but defendant refused to send out any of the notices proposed by plaintiff. If defendant had been reasonable, it could have used one of plaintiff's proposed notices. Alternatively, it could have asked the Court to issue an order requiring defendant's choice of notice.

(Ord. at 7). Finding that plaintiff had acted diligently in pursuit of the notice format, the Court held that "[t]he stipulated protective order already in place here provides suitable protection for any privacy rights at issue." (*Id*.)

"Generally, federal courts in this circuit have held that a protective order, in lieu of a *Belaire-West* notice, sufficiently protects putative class members and aggrieved employees' privacy interests in the confidentiality of their contact information." *Amaraut v. Sprint/United Mgmt. Co.*, 2020 WL 8024170, at *7 (S.D. Cal. Jan. 14, 2020). Here, there is a protective order in place. [ECF No. 26.] It is immaterial that the defendants in *Amaraut* did not seek *Belaire-West* notice because the court sufficiently addressed the privacy concerns of putative class members in a wage and hour case. Accordingly, the magistrate judge's determination that the stipulated protective order was sufficient to protect the putative class members' rights to privacy of their contact information was not clearly erroneous.

Finally, Defendant contends that the Order requiring production of the contact information for the entire putative class exceeds the scope of the Parties' dispute because the Parties previously agreed to a 10% sampling of the putative class member contact

1  information. (Def. Obj. at 7-8). The magistrate judge determined that compelling a partial
2  class list was not warranted because "Defendant had the opportunity to negotiate with
3  plaintiff and produce a sample of the class list in exchange for a trouble-free *Belaire*
4  notice and chose not to do so [.] The Court previously advised the parties that inability to
5  reach agreement on a sample size might result in the obligation to produce class-wide
6  discovery." (Ord. at 7).

7       Defendant argues that the Court's admonition was raised only in the context of
8  producing payroll data and not with regard to putative class member contact information,
9  therefore Defendant did not have an opportunity to be heard on the issue. However, the
10 Magistrate Judge issued an order on October 20, 2023, which put Defendant on notice
11 that it might be required to produce the entire putative class contact list if it did not
12 engage in good faith negotiations regarding the size of the sample. The Order stated that
13 Plaintiff reasonably offered "to accept a relatively small sample size in exchange for
14 defendant's promise that a 10% sample is sufficient for making a class certification
15 determination" but defendant was refusing to "meet plaintiff in the middle" which was
16 not reasonable, therefore "if defendant does not reach an appropriate compromise with
17 plaintiff about a 'statistically significant' sample size within seven days of this Order, the
18 Court will consider ordering class-wide discovery." (Order [ECF No. 41]).

19      The Parties' agreement to a 10% sample of the putative class was contingent on a
20 representation by Defendant that the sample would be sufficient for making a class
21 certification determination and Defendant's compromise with Plaintiff about a
22 "statistically significant" sample size, which did not happen. The magistrate judge did not
23 commit clear error by requiring Defendant to disclose the contact information for the
24 entire putative class under such circumstances.
25 //
26 //
27 //
28 //

For the foregoing reasons, Defendant's Objections are overruled.

**IT IS SO ORDERED.**

Dated: January 24, 2024

_____
Hon. M. James Lorenz
United States District Judge